ROSE LEVY AND OTHERS, RESPONDENTS, *v.* JANE ANN MERRILL, APPELLANT.

*Satisfaction piece of bond and mortgage — when execution and delivery of, can be enforced by party who has sold the mortgaged premises.*

APPEAL from judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

This action was brought to have a bond and mortgage, given by the parents of the plaintiffs to the defendant, cancelled and discharged of record, on the ground that the amount due thereon had been paid. The bond was dated the 15th day of November, 1864. By the condition thereof, $1,000 was to be paid on the first day of May, 1865, and the further sum of $1,000 on the first day of August, in the same year. The bond bore a receipt dated the 11th day of January, 1865, acknowledging the payment thereon of $1,000, signed by the husband of the mortgagee, who, it appears, was her agent in the matter. There was no evidence written on the bond of any further payment, nor was any receipt produced of any such payment.

An opinion was delivered at Special Term by VAN VORST, J., in which, after carefully reviewing the evidence and holding that it established the payment of the bond and mortgage, he proceeds;

" The remaining question is, can this action to compel a satisfaction be maintained? The heirs have conveyed the lands covered by the mortgage, to a third party, but the purchaser has withheld

an amount of the purchase money sufficient to pay the amount claimed to be unpaid upon the mortgage, and the same is deposited in the trust company to abide the event of a proceeding to procure a satisfaction of the mortgage, and to pay whatever may be found due thereon. So long as the mortgage remains unsatisfied of record, the plaintiffs cannot realize the full consideration for the sale and conveyance of the premises.

The rule is, without doubt, that a person who has no longer any interest in the land cannot maintain an action to remove an apparent lien upon the land, upon the ground that it is a cloud upon the title.

I am referred by the counsel for the defendant to the case of *Townsend* v. *Goelet* (11 Abb. Pr., 187), as decisive against the plaintiff's right to maintain this action; that case is clearly distinguished from the present. It was there held that a grantor who has no longer any interest in land cannot maintain an action to remove an apparent lien thereon, on the ground *that he agreed with his grantee* that he would procure *the lien to be discharged.* The incumbrance sought to be removed was a judgment, not against the plaintiff, but against a third person. The plaintiff was in no way privy, party to, or connected with the judgment, nor as between him and the judgment creditor was he bound to pay it, not holding a title to the land. The plaintiff had agreed to procure the land to be discharged from the lien; such an agreement did not authorize him to maintain an action against the *judgment creditor* for the removal of the lien.

In this case there is privity between the plaintiff and the mortgagee.

*Bissell* v. *Kellogg* (60 Barb., 617), to which I am also referred, decides only that a party cannot maintain an action to remove a cloud from the title to land in which he has no interest, upon the *sole ground* that *he has warranted the title.* That is not this case.

But this last case suggests that if the action was for relief against a bond accompanying a mortgage, claimed to be a cloud upon the title, and by which he was endangered, he might, upon sufficient allegations, be entitled to relief through a bill "*quia timet.*"

This suit is in effect to have the bond as well as the mortgage

cancelled, and declared to be of no further validity on the ground that the bond is, in fact, paid, and that their existence and the record of the mortgage prevent the plaintiffs from realizing the proceeds arising from the sale of the land.

The money part of the consideration arising from the sale, in the trust company, represents *pro tanto,* the land, and by the claim under the bond and mortgage and its outstanding record, is locked up. Plaintiffs, as long as this claim and record are made, and unsatisfied, cannot reach this money. I cannot see but that the plaintiffs are practically without remedy in the premises, unless this action be maintainable. The mortgagee has for ten years refrained from taking any proceedings to enforce it, and upon application has refused to execute a satisfaction. If the defendant has in truth any claim under the mortgage, she can assert it here as she has done under her answer. I can conceive no better way in which the matter may be determined than in this action.

The other cases and authorities to which I have been referred, I do not regard as against the plaintiff's right to sustain this action.

The bond being in fact paid, as is above decided, the plaintiffs are entitled to judgment, that the defendant upon presentation, execute a satisfaction of the mortgage, and that the bond be adjudged to be satisfied and paid, and the record of the mortgage be effectually discharged; that the plaintiffs receive their costs of this action."

The court at General Term said: "upon examination we are satisfied that this opinion is correct, both upon questions of fact and conclusions of law."

*T. C. Campbell,* for the appellant. *A. Blake,* for the respondents.

Opinion by BRADY, J. DAVIS, P. J., and INGALLS, J., concurred.

Judgment affirmed with costs.